# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DOUGLAS MARRISETTE, | DOCKET NUMBER |
| Appellant, | AT-0752-15-0680-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 11, 2016 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Douglas Marrisette, Jackson, Alabama, pro se.

Luis E. Ortiz-Cruz, Esquire, Orlando, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction the appeal of his removal pursuant to a last chance agreement (LCA).  For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2　　The appellant held the position of Electrician with the agency. Initial Appeal File (IAF), Tab 1 at 1. The agency removed him for the charge of unauthorized absence. IAF, Tab 7, Subtab 4g. However, in November 2012, prior to the effective date of his removal, the parties entered into an LCA, in which the agency agreed to hold his removal in abeyance. IAF, Tab 7, Subtab 4f. The appellant agreed in the LCA to, among other things, refrain from engaging in any misconduct and abide by all agency and Federal Government rules, regulations, and policies regarding the conduct of Federal employees over a 2‑year period. *Id.* He also agreed that any violation of the LCA would result in his removal and to waive his right to appeal such a removal to the Board. *Id.*

¶3　　On March 21, 2013, the appellant injured his back and tailbone, and had spinal surgery the following day. IAF, Tab 7, Subtab 3b at 6. He was hospitalized for 6 weeks and in rehabilitation for another 6 weeks. *Id.* On March 25, 2013, the appellant submitted a request for 6 months of leave without pay (LWOP), which the agency denied. IAF, Tab 7, Subtab 4c at 1-5. The agency also determined that he had exhausted his annual entitlement to 480 hours of protected leave under the Family and Medical Leave Act and all of his sick and annual leave. *Id.* at 6-7. The agency recorded the appellant as being absent without leave (AWOL) from March 21, 2013, until the effective date of his removal on July 1, 2013. IAF, Tab 7, Subtab 4d.

¶4　　In a notice of termination dated June 25, 2013, the agency informed the appellant that he was being removed for allegedly violating the terms of the LCA. IAF, Tab 7, Subtab 4b. The agency stated that his failure to report for duty resulted in an unauthorized absence violating Medical Center Policy 05-02. *Id.*

The agency further stated that this alleged misconduct breached paragraphs 4 and 11 of the LCA. *Id.*

¶5     On September 23, 2013, the appellant filed a formal equal employment opportunity complaint alleging discrimination based on disability and race. IAF, Tab 7, Subtab 3a, Subtab 3b at 4-5. In a final decision issued on May 22, 2015, the agency found that he failed to prove his discrimination claims. IAF, Tab 7, Subtab 3b at 12, 14.

¶6     The appellant then filed this Board appeal and requested a hearing. IAF, Tab 1 at 1-6. First, he alleged that he did not discuss an LCA with the Medical Center Director and that his supervisor told him that he had to sign the LCA to return to work. *Id.* at 6. Next, he claimed that he suffers from a mental condition and that harassment by his supervisor and coworkers led to his March 21, 2013 injury. *Id.* He further alleged that he and two of his coworkers immediately notified his chain of command of his hospitalization and surgery, and that he kept his supervisor updated on his recovery and told him when he would be able to return to work. *Id.* Finally, he asserted that he followed the proper procedure for requesting leave. *Id.*

¶7     In an acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over his appeal because he had signed an LCA waiving future appeal rights in the event he was removed for violating the agreement. IAF, Tab 2 at 2. He also apprised the appellant of his burden of making a nonfrivolous allegation of jurisdiction and ordered him to file evidence and argument on the jurisdictional issue. *Id.* The appellant requested an extension of time to respond to the order, but he did not file a response on the jurisdictional issue even after the additional time he sought had elapsed. IAF, Tab 4 at 4.

¶8     Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1, 4. He found that the appellant failed to make a nonfrivolous

allegation that he did not violate the LCA, that the agency acted in bad faith, or that he did not voluntarily enter into the LCA. ID at 1-2. He further found that the appellant failed to make a nonfrivolous allegation that the LCA was invalid. ID at 3-4.

¶9      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3. The Clerk of the Board then issued a show cause order requiring the agency to submit additional argument and evidence on whether the appellant breached the LCA. PFR File, Tab 5 at 2. Specifically, the agency was ordered to submit Medical Center Policy 05-02 and any relevant policy on LWOP, and address whether its denial of LWOP was reasonable under the circumstances. *Id.* at 2-3. The agency has filed a response to the order, PFR File, Tab 7, and the appellant has filed a response to the agency's submission,[2] PFR File, Tab 11.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶10     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[3] 5 C.F.R. § 1201.56(b)(2)(i)(A). If an appellant makes a nonfrivolous allegation[4] of Board jurisdiction over an appeal, he is entitled to a hearing on the jurisdictional

---

[2] The Clerk of the Board extended the deadline for the appellant to file a response to the agency's submission to June 13, 2016. PFR File, Tab 9. He filed a response on June 14, 2016. PFR File, Tab 11. We find good cause to accept the appellant's untimely response because he submits evidence of being locked out of his e-Appeal account. *Id.* at 6-7; *see* 5 C.F.R. § 1201.114(g).

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

question. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶11    The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board. *Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 13 (2010). To establish that a waiver of appeal rights in an LCA should not be enforced, an appellant must show one of the following: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id.* If an appellant raises a nonfrivolous factual issue of compliance with a settlement agreement, the Board must resolve that issue before addressing the scope of and applicability of a waiver of appeal rights in the settlement agreement. *Id.*

¶12    In determining whether an appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of an appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶13    Here, the agency alleged in its notice of termination that the appellant breached paragraphs 4 and 11 of the LCA because his unauthorized absence violated Medical Center Policy 05-02. IAF, Tab 7, Subtab 4b at 1. Paragraph 4 of the LCA states, in relevant part, the following:

> [The appellant] knows and fully understands that he must refrain from engaging in any conduct which, in the sole discretion of VA [Veterans Administration] Management, would justify a charge or charges of misconduct against him for the entire two (2) year period of this Agreement. He agrees to abide by all VA and federal government rules, regulations, manual provisions, policies and laws, regarding the conduct of federal employees for the entire two (2) year period of this Agreement.

IAF, Tab 7, Subtab 4f at 1-2. On review, the agency asserts that the appellant's unauthorized absence violated its attendance policy, which states that "[e]mployees are required to be punctual in reporting for duty and to be/stay on the job unless excused." PFR File, Tab 7 at 6, 61. The agency also cites to its leave policy, which states that "[e]mployees must obtain from the supervisor for each absence from duty, approval in advance, or in case of emergency or illness, approval as early as practicable, and to the extent possible, at the beginning of their tour of duty but not later than two hours thereafter." *Id.* at 6, 62.

¶14    In his petition for review, the appellant reasserts that his supervisor was immediately notified after his hospitalization on March 21, 2013, and he submits statements from two coworkers in support of this claim. PFR File, Tab 1 at 5, 7‑10. He further claims that he followed the proper procedures for requesting leave, but he did not receive an explanation from the agency why his request was denied. *Id.* at 5. We interpret the appellant's claims as disputing the agency's claim that he breached the LCA. *See Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (liberally construing a pro se appellant's pleadings), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).

¶15    We find that the record presents a legitimate factual issue of whether the appellant breached the LCA. *See, e.g.*, *Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148-49 (Fed. Cir. 1991) (vacating and remanding the Board's decision to resolve the appellant's nonfrivolous allegation that he did not violate an LCA because he complied with agency policy to report his unscheduled absence, which was due to a medical emergency, as soon as possible); *May v. U.S. Postal Service*, 50 M.S.P.R. 654, 658-59 (1991) (finding that the record presented a legitimate factual issue of whether the appellant breached the LCA when he alleged that his unscheduled absences and tardiness were due to sudden illness). The record contains evidence of the appellant's incapacitation because of a medical emergency, and subsequent surgery and rehabilitation. IAF, Tab 7, Subtab 4c at 3-4. Under Medical Center Policy 05-02, employees are required to obtain

advance approval for absences. PFR File, Tab 7 at 62. However, the policy reflects an exception for emergencies and illnesses. *Id.* In such cases, an employee must obtain approval "as early as practicable." *Id.*

¶16      The appellant has submitted statements from two coworkers that they immediately notified his supervisor about his hospitalization on the day of his March 21, 2013 injury. PFR File, Tab 1 at 4-5, 7-10; IAF, Tab 1 at 6. The appellant also alleged that he updated his supervisor throughout his recovery and informed him of his return date. IAF, Tab 1 at 6. Finally, the record contains evidence that the appellant properly requested leave after his injury and submitted medical documentation. IAF, Tab 7, Subtab 4c at 1-7. If the appellant cannot demonstrate that he complied with the LCA, he should be afforded an opportunity to prove that the appeals rights waiver should not be enforced for other reasons. *Rhett*, 113 M.S.P.R. 178, ¶ 13. For example, he may wish to present evidence and argument that, although he had exhausted his accrued leave, IAF, Tab 7 at 7, it was bad faith for the agency to deny his request for 6 months of LWOP, *see Sambrano v. Department of Defense*, 116 M.S.P.R. 449, ¶ 4 (2011) (observing that, if an agency takes an adverse action for an employee's absence after denying LWOP that she requested for medical reasons, the Board will examine the record as a whole to determine whether the agency's denial of LWOP was reasonable under the circumstances).

¶17      Accordingly, we find that the appellant has made a nonfrivolous allegation of compliance with the settlement agreement and a jurisdictional hearing is required. If the administrative judge determines that the appellant breached the LCA, he then must address the scope and applicability of the asserted waiver of appeal rights in the LCA. If the administrative judge finds that the appellant did not breach the LCA, or that the LCA does not constitute a valid waiver of the appellant's right to appeal to the Board, he shall find that this removal appeal is within the Board's jurisdiction and adjudicate the merits of the appeal.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this remand order.


FOR THE BOARD:              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.